district than that whereof he is an inhabitant, or in which he shall be found at the time of serving the writ. The third section of the act of February 27th, 1801, concerning the District of Columbia (3 Story's Laws, p. 2089, Append.) declares there shall be a court in the said District, which shall be called the circuit court of the District of Columbia; and the said court and the judges thereof shall have all the power by law vested in the circuit courts and the judges of the circuit courts of the United States. And by the fifth section the said court shall have cognizance of all cases in law and equity between parties, both or either of whom shall be a resident or found within said District. The fourth section of the act of March 3, 1815, vesting more effectually jurisdiction in state courts,—2 Story's Laws, p. 1531 [3 Stat. 244],—enacts that the district courts of the United States shall have cognizance concurrent with the courts and magistrates of the several states, and the circuit courts of the United States, of all suits at common law, when the United States or any officer thereof, under the authority of an act of congress, shall sue, although the debt, claim or other matter in dispute shall not amount to one hundred dollars. Various other statutes have been passed either imposing penalties or providing relief, in which it is said the district or circuit courts of the United States shall have jurisdiction; but in all such cases it is understood the intention of congress was to give jurisdiction to those courts according to well-known and settled principles. These principles are that process for the institution of a suit, either at law or equity, in the district or circuit courts, shall not run beyond the limits of the district for which the court from which it issues is held, and that the circuit court for the District of Columbia has full equity powers where both or either of the parties shall be found within that jurisdiction. The prohibition of the service of process out of the jurisdiction is, however, a personal privilege, which may be waived; but in the present case the defendant has availed himself of the first opportunity to make the objections.

Another objection to the jurisdiction of this court is the mode of enforcing obedience to its decree. It is to be presumed that a court will not take cognizance of a cause, unless it can execute its judgment. Now, if this court should take jurisdiction of the complainant's bill, and decide that he is entitled to a patent, how can that decision be enforced if the commissioner should refuse to issue the patent? The proper remedy would seem to be by a mandamus, but the supreme court have decided that the circuit courts out of the District of Columbia have no authority to issue a writ of mandamus to an officer of the United States, commanding him to do a ministerial act, but that the circuit court for the District of Columbia has such power. Kendall v. U. S., 12 Pet. [37

U. S.] 525. In every aspect of the case it appears to me that this court has no jurisdiction of the complaint. By this construction, full effect may be given to every word of the section under consideration. Where there are two interfering patents, the circuit court of the district, whereof the defendant is an inhabitant or where he may be found, is the court "having cognizance," when an original application for a patent has been refused, and there is no opposing party, so that the process, a copy of which is to be served on the commissioner of patents, the circuit court of the District of Columbia, of which the commissioner is an inhabitant, and which can enforce its judgment, is the proper tribunal.

This view also avoids the great inconvenience which would result from the construction contended for by the counsel for the complainant. The bill prays that the commissioner be required to produce, on the hearing the specifications, models, drawings, &c., and these may be necessary to enable the court to determine upon the validity of the application for a patent. If the commissioner can be required to produce these in this court, he may with as much propriety be called on to answer similar applications in any circuit court of the Union,—an inconvenience, to say the least of it, which, if it had been intended by congress, they would have used plain, precise and clear language, such as would not leave the intention open to judicial construction, or leave it liable to be misunderstood.

This view renders it unnecessary to consider the argument urged in support of the demurrer. The plea to the jurisdiction is sustained, and the bill dismissed for want of jurisdiction.

## Case No. 11,387.

PRENTISS v. ELLSWORTH.

[See Case No. 11,386.]

PRENTISS (ROSS v.). See Case No. 12,078.

PRENTISS (ST. JOHN v.). See Case No. 2,-194.

PRESBYTERIAN CHURCH, BOARD OF FOREIGN MISSIONS OF THE, v. McMASTER. See Case No. 1,586.

## Case No. 11,388.

Ex parte PRESCOTT.

·[2 Gall. 146.] 1

Circuit Court, D. New Hampshire.    Oct. Term, 1814.

CLERK OF COURT—COMMISSIONS—MONEY DEPOSITED IN BANK.

Money deposited in a bank under a decree of the court, and subject to its order, is "money deposited in court" within the meaning of the act

1 [Reported by John Gallison, Esq.]